[28 NYS3d 127]

In the Matter of PHILLIP D. MILLER (Admitted as PHILLIP DOUGLAS MILLER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 30, 2016

### APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Phillip D. Miller*, Margate, Florida, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

By decision, order and judgment on motion of this Court dated April 22, 2015, inter alia, the Grievance Committee for the Tenth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent based on a verified petition dated November 18, 2014; the respondent was directed to serve an answer to the verified petition within 20 days of service upon him of the verified petition; and the issues were referred to the Honorable Arthur D. Cooperman, as Special Referee, to hear and report.

The respondent, having failed to submit an answer to the petition in a timely fashion, as directed, is now disbarred on default, for the reasons set forth below.

Verified Petition

The Grievance Committee for the Tenth Judicial District personally served the respondent with the verified petition on May 6, 2015, containing one charge of professional misconduct emanating from his failure to cooperate with the Grievance Committee in its investigation of a complaint of professional misconduct filed against him. Specifically, charge one alleged

that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). On September 18, 2012, the Grievance Committee received a complaint of professional misconduct on the part of the respondent. In May 2013, the respondent sent two letters in response to the complaint, but when asked to provide additional information to the Grievance Committee, he failed to do so. Pursuant to a subpoena ad testificandum and a subpoena duces tecum issued by the Clerk of this Court, both dated June 19, 2013, this Court directed the respondent to appear at the office of the Grievance Committee on July 31, 2013 for an examination under oath, and to produce certain files and bank and bookkeeping records. The judicial subpoenas were personally served on the respondent on June 25, 2013.

By letter dated July 30, 2013, the respondent advised the Grievance Committee that, in his opinion, the Grievance Committee, as a matter of law, lacked the authority to continue its investigation. The respondent failed to comply with the subpoenas, as he did not appear on July 31, 2013, and failed to produce the requested records.

By order to show cause dated August 6, 2013, the Grievance Committee sought an order from this Court punishing the respondent for contempt of court for his failure to obey the aforementioned subpoenas. By decision and order on motion dated January 16, 2014, this Court directed the respondent, within 30 days upon service of him of a copy of the Court's decision and order to: (1) comply with the judicial subpoenas so-ordered by the Court; and (2) file copies of all the documents served on the Grievance Committee in compliance with the subpoena, together with an affidavit of service, and file an affidavit setting forth the date that he appeared and testified in compliance with the subpoena, together with an affidavit of service. By the same decision and order dated January 16, 2014, this Court denied the Grievance Committee's motion to hold the respondent in contempt "with leave to renew in the event that [the respondent] fails to comply with subpoenas and provide the documentation set forth above." The respondent was personally served on February 7, 2014 with a copy of the decision and order dated January 16, 2014, and with a letter from the Grievance Committee dated January 28, 2014, requesting that he contact the Grievance Committee to schedule a date for his appearance.

The respondent failed to comply with the Court's directive, and instead, moved for a protective order to quash the subpoenas. By decision and order on motion dated August 12, 2014, this Court denied the respondent's application to quash the subpoenas. By letter dated August 21, 2014, the Grievance Committee requested that the respondent contact it immediately to schedule an examination under oath and to produce the requested records. The respondent failed to respond or otherwise comply with the subpoenas.

Finding of Contempt

The Grievance Committee thereafter renewed its motion to hold the respondent in contempt based on his continuing refusal to comply with the Court's directives. By the decision, order and judgment dated April 22, 2015, this Court adjudged the respondent in civil contempt, pursuant to Judiciary Law § 753 (A) (1) and (5), for his disobedience of a lawful mandate of this Court and his refusal to obey the subpoena duces tecum and subpoena ad testificandum issued by the Clerk of this Court on June 19, 2013, as well the decision and order on motion of this Court dated January 16, 2014. In addition, this Court imposed a fine in the sum of $250, and sentenced the respondent to a term of imprisonment of six months. Execution of the sentence of imprisonment was stayed for 30 days after service upon the respondent of a certified copy of the decision, order and judgment. The decision, order and judgment further provided that the respondent shall be relieved of imprisonment if he purges his contempt both by hand-delivering the requested documents demanded by the subpoena duces tecum to the Grievance Committee's office, and by appearing at the Grievance Committee's office at 10:00 a.m., on the day one week after the documents are received by the Grievance Committee, or the next business day if a holiday, unless the parties agree to another time and/or location.

On May 26, 2015, the respondent paid the fine, but did not comply with the conditions required to purge the contempt. On May 22, 2015, the respondent requested, and was given, an extension until June 22, 2015 to comply, and was advised that if he wished to resign from the bar, as he indicated to the Court that he wished to do, he should contact the Grievance Committee.

On June 23, 2015, the respondent moved to stay the direction in the decision, order and judgment dated April 22, 2015, which required him to hand-deliver the requested documents

to the office of the Grievance Committee, and for permission to deliver them in the form of computer discs to the offices of the Florida Bar, and to send the discs to the Grievance Committee by overnight mail. The respondent, in essence, sought a modification of the April 22, 2015 decision, order and judgment, as he had moved to Florida and no longer resided in New York. The respondent stated that his move to Florida was precipitated by his mother's declining health (and eventual death), and his own health and finances. The respondent further stated that his own health prevented him from traveling to New York; however, no proof in the form of medical documentation of any of the respondent's alleged medical problems was provided to the Court. The respondent additionally requested that he be permitted to submit an affidavit of resignation.

While the respondent's motion was sub judice, it came to the Court's attention that, not only had the respondent not complied with its directives with regard to the judicial subpoenas dated June 19, 2013, but also, he had not complied with that portion of the decision, order and judgment dated April 22, 2015, which directed him to submit a written answer to the verified petition. By letter dated September 29, 2015, the Clerk of this Court advised the respondent that, by October 6, 2015, he should either file an answer to the petition or submit his resignation from the bar in compliance with Rules of the Appellate Division, Second Department (22 NYCRR) § 691.9 (a). The letter stated: "Please be advised that your failure to act in conformance with this Court's determination may constitute a default in the . . . disciplinary proceeding."

Default and Continuing Contempt

The respondent did not comply with the October 6, 2015 deadline. On October 9, 2015, the respondent moved for leave to file a late answer, explaining that his answer, mailed on October 3, 2015, was returned to him undelivered on October 7, 2015. The respondent's answer, which was attached to the motion, continued to dispute the validity of the judicial subpoenas dated June 19, 2013. Of note, the respondent stated that he had no further desire to practice law.

As a consequence, the Grievance Committee moved to adjudicate the respondent in default based on his failure to file an answer by the October 6, 2015 deadline. The respondent was served with a copy of the motion, by first-class mail and certified mail, on October 7, 2015. In opposition to the motion,

the respondent argued that the return of his answer was not his fault. The respondent acknowledged that he used the wrong zip code, but claimed that the package still should have been delivered.

In view of the extraordinary history of this case, including the respondent's failure to cooperate with the Grievance Committee's investigation of the underlying complaint; the respondent's refusal to comply with two judicial subpoenas over the course of a 2½-year period; the Court's adjudication of the respondent in contempt by decision, order and judgment dated April 22, 2015; and the respondent's continued contempt to date, since the respondent has not purged himself of contempt, the Grievance Committee's motion to adjudicate the respondent in default is granted, the charge in the petition is deemed established, and, effective immediately, the respondent is disbarred upon his default, and his name is stricken from the roll of attorneys and counselors-at-law. Were the respondent not in continued contempt of this Court's directives, his motion for leave to file a late answer would be viewed differently by this Court. Under the circumstances, his motion for leave to file a late answer, and that branch of his separate motion which is for leave to submit an affidavit of resignation, are denied.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Phillip D. Miller, admitted as Phillip Douglas Miller, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Phillip D. Miller, admitted as Phillip Douglas Miller, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Phillip D. Miller, admitted as Phillip Douglas Miller, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Phillip D. Miller, admitted as Phillip Douglas Miller, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that on the Court's own motion, enforcement of the fifth, sixth and seventh decretal paragraphs contained in the decision, order and judgment on motion of this Court dated April 22, 2015 is stayed; and it is further,

Ordered that the respondent's motion for leave to file a late answer is denied; and it is further,

Ordered that the branch of the respondent's separate motion which is for leave to submit an affidavit of resignation is denied, and that motion is otherwise denied as academic in light of our determination herein.